Good morning, Your Honors. This is Eunice Lee for Appellant Devin Hooker. With regard to the special release condition of a curfew that was imposed in this case, the Court was required to make an individualized assessment and state the reasons on the record for the imposition of it, of the curfew. This was the defense suggestion in its reentry plan, right? It was — I don't believe that the defense specifically requested that. There — as part of what the defense suggested for — The suggestion was it needed specific and strict conditions, including a curfew. Wasn't that — Well, it was — the defense had recommended various sort of residential treatment options that the defense had looked into for Mr. Hooker. And those did, in fact, include — some of those programs did, in fact, include a curfew. This, in fact — this, what was actually imposed, was a curfew with electronic monitoring by probation from 7 p.m. to 7 a.m., which is much more restrictive and, in fact, not the — the type of program that the defense — I was looking at where counsel said that the plan that was proposed would provide Mr. Hooker with a place to live and support for a law-abiding lifestyle, including abiding by curfew hours. That's — I mean, that's correct. That's — as part of this particular treatment program that the defense was recommending for Mr. Hooker, that is something very different from the probation department imposing a curfew with electronic monitoring for six months. The defense social work write-up had looked into treatment programs, and that's something much less restrictive and, frankly, different from what was ultimately imposed. And with regard to this — this curfew by probation, there was nothing said on the record about this curfew at any point on — at sentencing until literally the moment that the judge imposed it. There was no justification given for that. And this Court's made clear that with regard to special conditions, particularly ones that are intrusive and burdensome, that there is an obligation to have something on the record explaining why this was imposed. And — Unless it's self-evident in the record. Couldn't that be argued here? I mean, this crime took place after 1 a.m., right? That — that's correct. However, there hasn't been — the fact that this offense occurred in the evening does not, in and of itself — 117 a.m. is not the evening. Well, the late — early morning — during — It was late. It was late, late, and during the periods when this — this curfew would apply. But I guess the — the idea is that the fact of an offense occurring at night does not, in and of itself, justify the imposition of a curfew. That — that hasn't — The district court also made a finding that the defendant was found early in the morning as a convicted — convicted felon in possession of a very dangerous loaded weapon. That was not — the court stated that in — in imposing her sentence, that — But that's some explanation for — for what she did. Well, it was not linked, though, to the special condition or to the — the curfew at all. This happened at the beginning of the proceeding when the court was first going over the factors that were considered. The court made a statement about how — describing the — the offense. This is what happened. He was found at this time late at night. And then the court goes on to talk about other circumstances and his background and — and all these factors that then inform the court's statement that — and this is why, essentially, I'm going to impose a sentence of the 72 months. When it came time to impose the — the release conditions, that was — that was subsequent to that, and it was not connected to the court's statement — generalized statements about here's why I'm imposing this prison sentence. There's nothing in the record that ties anything that the court was saying prior to that to, you know, this is why you're getting a curfew because of X, Y, and Z. That just didn't happen. What about the association condition? Well, with regard to the — the not associating with any Crips gang member, what the — the court said on the record was completely unambiguous. And so the fact that the written judgment later says — has a more general prescription of no association with any gangs, that — that judgment has to be modified. This Court's made it very clear that the sentence imposed at sentencing is what — what applies. That's the one that — that comports with the constitutional right to be present for your sentence. And what the Court said was, very explicitly and clearly, no association with Crips gang members. If that's right, why wouldn't this be a Scrivener's error that could easily have been corrected just by asking the district — just pointing out to the district court that the clerk had not written it in conformity to the — to the — to the spoken judgment? Well, certainly, had there been — I mean, there were no subsequent proceedings to — subsequent to the sentencing that — where this could have officially been presented to the — You got the judgment. Why didn't you just bring it to the attention of the district court that there seemed to be a Scrivener's error in this judgment? That's — I mean, if that is an option as well, certainly that would be something we would be willing to do. But it's not — given the fact that there are, in fact, cases where people have raised that on appeal as opposed to going to the clerks and trying to get it corrected without that. Sometimes it's not as obvious as you're arguing it is here, so. It's — we feel that the — the error is very obvious, that the government actually disagrees, and so to the extent that they are disputing that this was not, in fact, a clear mistake, that was the reason that we raised this argument specifically Would there be any objection to the condition as written in the judgment? I mean, does your client really want to be associating with some gang members as long as they're not Crips? He's okay with Bloods and Latin Kings, but not — not Crips? Not at all, Your Honor. First of all, I — first of all, the term gang is very general. What the — what the judgment says is gangs. It does not define it as specifically criminal street gangs, which is often used in the — in the statutory provisions about gangs. So it's very broad, first of all, what that even is applying to. But aside from that, and whether or not Mr. Hook would want to associate with gang members, the problem is the broader a condition is, the greater the — the opportunity for him to be in violation and maybe end up back in prison. So it's not a question of does he affirmatively want to associate with — with other gang members. It's is this so broad that it's making his time on supervised release that much more difficult and that much more restrained? Look, of course, the reality is that at any point, once he's on supervised release, he can ask to have the conditions modified or changed, right? Absolutely. But I think in the first instance, as far as what probation believes his restrictions are and what's going to be applied when he first is released from prison, that has to be in conformance with what the judge said. And if that's changed later, that's — that's a different matter. Thank you. Thank you. We'll hear from the government. Good morning, and may it please the Court. My name is Andre Spector, and I present the government on this appeal. With regard to the curfew issue, the defendant was a gang member who had a heated altercation at night, and then at 1.17 a.m., he possessed a loaded firearm that he then threw virtually at the doorsteps of a middle school. The defense, as Judge Radji pointed out, recognized that there was a need for a transition period because it was difficult, the defense counsel said, to transition from being a gang member to being a law-abiding member of society. The record is self-evident that there was a need for a curfew. There was certainly no plain error in imposing it. With regard to the gang condition, the judgments read together were the standard condition of supervised release, and the sentencing hearing forbids the defendant from associating with individuals engaged in crimes. The Court did not expand any condition with that statement in the judgment. We're not looking to expand that condition. But what about the argument that it's, that this is, as written, it's just too vague? Gang could include a lot of things, including people who are not engaged in crimes, perhaps. It could, I think in theory, but not in this case, not with this judgment when read with Condition 8, and when looking at the discussion that the Court had about How does Condition 8 modify the special condition that he can't associate with gangs? Well, Condition 8 says he's not to communicate or interact with someone that he knows is engaged in criminal activity. Right. So that's covered. You don't need a special condition if that's all you're after. This is a specific condition that he can't associate with anybody who's in a gang. What our position is not that we need this specific gang condition. Our position is that Number 8 already covers the gang association condition. So why should, does this need to be anything more than the crips so that he's focused on not participating there? If Section 8 covers everything else you want. I think it's a different, it's a message that's sent to the defendant, which is in a language that he understands that you can't associate with crips, you can't go across the street and associate with the bloods who are doing the same thing. I mean, I understand the defendant's first argument to be whatever the merits of that might be at the sentencing hearing, that's not the orally pronounced sentence. What is your response to that argument? That gangs, the universe of gangs, as opposed to the crips gang, is not what the judge imposed when she orally pronounced sentence? We agree with that, Your Honor. And we agree with that. Okay. So now, given precedent that it is the oral pronouncement of sentence that must control, what's your argument for why this shouldn't be modified either on remand to the district court or even by our court, if you're agreeing that this is what was orally pronounced, the crips gang? Our position is that it could be read together with Condition 8, and Condition 8 subsumes this association condition. And we read, actually, a case that they cited in reply. So is your point that there is no special condition, that it's Section 8, and that because on that theory, then we could just delete the special condition, and that would avoid that concern? That is our position, Your Honor. That's your position, that he can associate with members of the crips gang who are not actively engaged in criminal activity, that Judge Ammon was prepared to allow that? He cannot associate with crips gang members. That is what the judge orally pronounced. Right. Whatever they're doing at the time, no association with crips, right? Correct. So my question to you, and maybe I'm not being clear, is why shouldn't the judgment have Condition 8, but then have as a special condition, no association with crips members? That is acceptable to us, Your Honor. We're saying that the – And no objection to us – Modifying? Modifying the judgment to make it conform to the oral pronouncement? No objection, Your Honor. Okay. I don't see Your Honor have any other questions. We're happy to rest on our submission. I don't think so. Thank you. Thank you. Roboto? Just one point, Your Honor. Yes. With regard to the curfew issue, I just would add the idea that although there are things in the record that might allow us to hypothesize particular reasons, the error here is that we really don't know what was underlying the court's reason. And so without knowing that, that makes appellate – a proper appellate review difficult. Well, help me with that, with how – if the plan you proposed included a curfew, so in that sense, your client was acknowledging the need for a curfew as part of a reentry plan, why Judge Ammon had to be – had to explain to you why she was imposing a curfew? The program including a curfew that the defense proposed was not something as restrictive as what probation put in this condition. It was not something – How was it less restrictive? Explain that to me. Well, it was not something involving electronic monitoring. It was something where the program that he – the residential program he'd be a part of, yes, there was a curfew and there'd be sign-in and sign-out. It would – it was not to the level of this curfew that probation was putting forward. It was not – I don't believe it said that it was from 7 p.m. to 7 a.m. There was not – I don't think you're arguing to us that an effective curfew was not what your client agreed to, a curfew that he wouldn't be monitored was what he agreed to. I mean, I don't think you're suggesting that. I'm not suggesting that. But I guess the fact that the circumstances of the curfew of being in – participating in a voluntary social treatment program versus a curfew that's imposed and monitored by probation and it has more potential for problems arising or him being found in violation and resulting in, you know, him potentially going back to prison is very different from what the defense – It doesn't make sense to me that that is – it seems to me you're acknowledging he needs a curfew, and now we're just talking about how it's going to be enforced. Well, I think – I mean, there really is no greater limit on his ability to come and go. It's just how he's going to be monitored that you seem to be focusing us on. Well, I think it's also more than the idea that when the judge imposed this curfew that what the judge imposed was not, I'm imposing – I'm agreeing to the defense social work plan and you having that treatment and having that curfew. Had the judge done that, I guess we wouldn't be making this argument. What the judge imposed, without explaining or linking it to anything or saying here's the reason why I think this is necessary, was just you're having a curfew 7 p.m., 7 a.m., probation, electronic monitoring. And so without knowing – But for just six months. For the first six months. Does it sound like it's piggybacking off of the other proposal that included the curfew? I don't know what the – I don't recall what the length of the other program was. But again, it's a question – the judge was not imposing the defense program, and the judge was not – did not explain why this curfew through probation for six months, 7 p.m. to 7 a.m. with electronic monitoring, why that was justified. And that's really sort of the key, that we don't know what the reason was that the judge chose to impose this. And that's something this court has said we need to have on the record. Thank you. We'll reserve.